EL PUEBLO, DEMANDANTE Y APELANTE, *v.* BRAU, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por libelo.

No. 1359.—Resuelto en julio 31, 1919.

LIBELO—ACUSACIÓN SUFICIENTE—DEFECTOS NO FATALES DE LA ACUSACIÓN.—El efecto necesario de un libelo es el de exponer a una persona al odio, desprecio o ridículo público, y una persona intenta las consecuencias necesarias

de sus actos. La omisión en una acusación por libelo de las palabras "exponiéndole así al odio, desprecio o ridículo público" es un defecto de forma y no hace que la acusación sea fatalmente defectuosa.

ID. — "JEOPARDY" — VEREDICTO — EXCEPCIÓN PERENTORIA — SENTENCIA — IMPEDIMENTO—RENUNCIA.—Los casos en los cuales se insiste en que el acusado ha estado en "jeopardy" por segunda vez cuando no ha habido sentencia condenatoria, dependen generalmente del hecho de haber habido un veredicto contra el acusado. En este caso todos los hechos del juicio y la facultad de resolverlos estaban bajo el control del mismo juez, pero antes de que él siquiera tratara de poner estigma alguno sobre el acusado, éste, reproduciendo su excepción perentoria, insistió en que no existía delito público alguno, y cuando no se imputa delito público no puede generalmente haber "jeopardy"; por tanto cuando el acusado mismo solicita que se anulen todos los procedimientos que tuvieron lugar, existe el mismo impedimento que cuando apela de la sentencia. El acusado puede renunciar la defensa de "jeopardy."

ID.—ID.—La publicación que en parte imputaba relaciones impropias entre el Comisionado de Instrucción y algunos de sus profesores y en parte imputaba a aquél haber tratado de poner en práctica tales relaciones indebidas, insinuando de igual modo que sus nombramientos dependían de tales relaciones, era libelosa *per se*.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Salvador Mestre,* y *R. Rivera Zayas, Fiscales.*

Abogados del apelado: *Sres. J. de Jesús Tizol* y *B. Guerra.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Teniendo alguna duda respecto a si la omisión de las palabras "exponiéndole así al odio, desprecio o ridículo público" u otras equivalentes, no hacían que una acusación por libelo fuera fatalmente defectuosa, ordenamos una nueva vista de esta apelación. Entre otros de los casos examinados por nosotros estaba el de *El Pueblo* v. *Seeley,* 139 Cal. 118, en el cual se resolvió que cuando lo que se publica es *per se* libeloso, es suficiente con publicarlo sin expresar los resultados libelosos que producía. Las palabras omitidas en ese caso eran específicas para impugnar la honradez, integridad o reputación de la persona objeto del libelo. Sin embargo, nuestro estatuto hace que las palabras "exponiéndole así al odio, desprecio o ridículo público, etc.," sean la conclusión

que el denunciante se propone establecer y que es común a todo libelo criminal. El caso de *State* v. *Grinstead,* 64 Pac. 52, que ha sido citado por el fiscal no va más allá de lo que se dice en el de *People* v. *Seeley, supra,* y además en el caso de Grinstead en la acusación se describía la tendencia a exponerle al odio público, etc. La acusación en ese caso, resolvió la corte, que era insuficiente, no siendo libeloso *per se* la publicación. Sin embargo, después de pensar con madurez sobre la cuestión estamos convencidos de que el defecto en particular es de forma más bien que de substancia. En un caso en que las palabras empleadas tienen el efecto necesario de exponer a una persona al odio público, desprecio o ridículo se ve alguna analogía por la conclusión formal con una acusación criminal, a saber, ''contrario a la ley para tal caso prevista y a la paz y dignidad de los Estados Unidos.'' En el caso de *Frisbie* v. *United States,* 157 U. S. 168, se resolvió que el dejar de incluir tales palabras era un mero defecto de forma por ser una simple conclusión de ley. La corte citó la sección 1025 de los Estatutos Revisados, según la cual no han de tomarse en consideración las cuestiones de forma que no tienden a perjudicar al acusado. Tenemos preceptos semejantes en nuestros mismos estatutos que prescriben que no se tomarán en consideración las cuestiones de forma, especialmente cuando no han sido alegadas debidamente. La decisión en el caso de Frisbie fué observada en Colorado. En el caso de *Chemgas* v. *Tynan,* 116 Pac. 1045, manifestó la corte que tales palabras eran una conclusión de ley que no formaban parte de aquellos hechos de la denuncia que imputan el delito. Aunque la regla es diferente en un número de Estados donde rigen preceptos constitucionales o estatutorios con respecto a acusaciones o denuncias, *Hardin* v. *State,* 71 A. S. R. 269 y notas, debemos guiarnos por la actitud progresiva adoptada por la Corte Suprema de los Estados Unidos, especialmente, puesto que la sección 83 de nuestro Código de Enjuiciamiento Criminal

es substancialmente igual a la sección 1025 de los Estatutos Revisados, *supra*.

La palabra "así" contenida en el artículo 243 del Código Penal establece una conclusión. El artículo 150 del Código de Enjuiciamiento Criminal prescribe que una excepción perentoria es una alegación en que se admiten los hechos como constan en· la acusación. La excepción perentoria en este caso por el momento admitió la verdad del supuesto libelo. El defecto necesario de un libelo, de acuerdo con todas las decisiones, es el de exponer a una persona al odio, desprecio o ridículo público. Y una persona intenta las consecuencias necesarias de sus actos. Nuestra conclusión es que el defecto era de forma, y de ser importante debió haberse llegado a él mediante moción y no por excepción perentoria.

El apelado Brau, en la segunda vista de este caso, no confió mucho en su excepción perentoria hecha a la acusación, pero sostuvo que de revocarse la resolución ordenando el archivo de la causa contra la cual se ha interpuesto recurso de apelación lo pondría en peligro por segunda vez. Fué presentada una certificación sin objeción alguna para demostrar que se celebró un juicio ante la corte inferior y que el gobierno presentó prueba en el mismo. Los autos originales confirman esta certificación pero muestran que el día señalado para dictar sentencia y antes de que se dictara la orden archivando la causa, el acusado reprodujo por escrito su excepción perentoria que basó en el párrafo tercero del artículo 153 del Código de Enjuiciamiento Criminal, o sea no constituir delito público los hechos denunciados y la corte ordenó que el caso fuera archivado, resolución equivalente a una desestimación. Ahora bien, lo mismo en el caso de que esta moción hecha por el acusado hiciera volver el caso al primitivo estado cuando se presentó la excepción previa, o ya fuera equivalente a una moción para la suspensión del fallo, la acción tomada por el acusado en uno u otro caso era su *propio acto voluntario*. Su situación, por consiguiente, es muy semejante a la que se hubiera presentado

de haberse dictado sentencia contra él y él hubiera apelado. Recientemente hemos revisado las autoridades cuando un acusado apela. *El Pueblo* v. *Portela,* de marzo 27, 1919, (página 261). En el caso de *People* v. *Eppinger,* 109 Cal. 294, el acusado había sido declarado culpable, pero al ser llamado para leérsele la sentencia, como en este caso, presentó una moción para la suspensión de la sentencia. Su moción fué declarada con lugar y al ser juzgado por segunda vez alegó que la suspensión del fallo constituía una absolución, de acuerdo con el artículo 1188 del Código Penal del Estado de California que es equivalente al artículo 308 de nuestro Código de Enjuiciamiento Criminal, el cual es como sigue:

"Si de la prueba presentada en el juicio resultaren motivos para creer que el acusado es culpable y pudiera formularse nueva acusación, con probabilidad de convencerle, podrá el tribunal ordenar que el procesado sea detenido de nuevo bajo poder de la autoridad del distrito correspondiente o admitirle nueva fianza para responder de las resultas de la nueva acusación. Si de la prueba resultare que es autor de otro delito, debe ser por ello reducido a prisión, y en ningún caso obrará dicho veredicto como un impedimento para otro proceso. Pero si de la prueba no resultare causa suficiente para imputarle la perpetración de ningún delito, se le deberá poner en libertad si estuviere detenido o si se hallare en libertad bajo fianza, deberá ésta ser cancelada; y si hubiera depositado dinero en lugar de fianza, se le devolverá, debiendo el sobreseimiento provisional surtir los mismos efectos que una absolución libre del cargo en que se fundara la acusación."

La corte resolvió en aquel caso que había pruebas suficientes, y no existe alegación o demostración alguna de que la prueba en el presente caso fué insuficiente. El artículo 307 prescribe lo siguiente:

"El efecto de admitir con lugar la petición del sobreseimiento provisional es colocar al acusado en la misma situación en que estaba antes de presentarse la denuncia."

Véase también el caso de *People* v. *Ham Tong,* 102 Pac. 263, 24 L. R. A. (N. S.) 481. Surge alguna duda sobre la

cuestión según la cita del tomo 16 C. J., Ley Penal, § 428, la cual es como sigue:

"Es un principio de ley establecido que un acusado en una causa criminal que obtiene que un veredicto y sentencia dictada contra él sean anulados por la corte, puede ser juzgado nuevamente por virtud de la misma u otra acusación por el mismo delito por el cual fué declarado culpable. Pero es solamente cuando el acusado ha conseguido que se anule el primer veredicto que puede ser juzgado de nuevo por el mismo delito; y cuando la corte a moción propia deja sin efecto un veredicto válido emitido por un jurado que ha sido organizado y constituído debidamente, por virtud de una acusación suficiente, el acusado estará protegido de un proceso subsiguiente por el mismo delito. Cuando se obtiene una convicción de acuerdo con una acusación válida, pero la corte, por tener una creencia errónea de que no es válida, suspende el fallo a moción del acusado, dicho acusado no puede ser enjuiciado nuevamente en un Estado en que pueda ser revocada la sentencia suspendiendo el fallo a moción del fiscal, porque el acusado está todavía en peligro por virtud de la primera acusación, la que puede ser revivida por la revocación de la sentencia suspendiendo el fallo. Pero en aquellas jurisdicciones en que el fiscal no puede obtener una revocación de la sentencia suspendiendo el fallo, el acusado puede ser enjuiciado nuevamente aun cuando la primera acusación fuera válida."

El texto dice, al parecer, que en los Estados en que el gobierno no puede apelar de resoluciones de mociones sobre suspensión de sentencia no existe "jeopardy" si un acusado es procesado por segunda vez, y se cita el Estado de California. Sin embargo, en California como aquí mismo se permite la apelación de resoluciones de mociones para suspender el fallo. Parece existir cierta diferencia de carácter técnico en la situación que se presenta cuando se ordena la devolución de un caso para la celebración de un nuevo juicio, o cuando el gobierno permite que subsista una moción para suspensión de fallo y comienza nuevamente el proceso. Todos los casos en los cuales se insiste en que el acusado ha estado en peligro por segunda vez cuando no ha habido sentencia condenatoria dependen principalmente del hecho de haber habido un veredicto antes de dictarse sentencia con-

tra el acusado.   En este caso todos los hechos del juicio y la facultad de resolverlos estaban bajo el control del mismo juez, pero antes de que él siquiera tratara de poner estigma alguno sobre el acusado se levantó este último e insistió en que no existía delito público alguno.   Cuando no existe delito público en los hechos que imputa la acusación, por lo general no hay "jeopardy".

El caso citado en el tomo 38 de California es de fecha anterior a la aprobación del actual Código de Enjuiciamiento Criminal de California.   Hubo un juicio completo y una apelación por razón de una disposición general que concedía tal derecho al gobierno.

Según indican algunos de los casos, las decisiones son absolutamente contradictorias y la mejor regla como en muchos otros casos en que hay conflicto, es o trazar el curso para nosotros mismos, o dejar que los hechos de los casos en particular determinen la resolución.   Creemos que fué claramente la intención del legislador que el gobierno tuviera el derecho de apelar cuando no ha recaído mancha o estigma alguno sobre el acusado por el hecho del juicio y cuando él mismo solicita que se anulen todos los procedimientos que tuvieron lugar, creemos que existe el mismo impedimento que cuando interpone él apelación contra la sentencia.   La razón que hay en un caso como el presente es todavía más fuerte puesto que ningún juez o jurado jamás ha resuelto nada sobre la culpabilidad o inocencia del acusado.

Según el criterio que hemos formado del caso no es muy importante que no se haya hecho una alegación de haber estado el acusado en peligro por segunda vez.   Propiamente, tal alegación sólo podía presentarse cuando el caso volviera otra vez a una corte sentenciadora.   Generalmente el acusado tiene la facultad de renunciar su derecho a la cuestión relativa a haber estado en peligro por segunda vez.   Teniendo en cuenta estas consideraciones tal vez sería conveniente, si los abogados desean reservar sus derechos, promover la cuestión en la corte inferior.

La acusación que imputaba, en parte, relaciones impropias entre el Comisionado de Educación y algunos de sus profesores y en parte imputaba a éste haber tratado de poner en práctica tales relaciones indebidas, insinuando de igual modo que sus nombramientos dependían de tales relaciones, era libelosa *per se.*

La resolución ordenando el sobreseimiento o archivo del proceso debe ser revocada, debiendo devolverse la causa a la corte inferior para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Revocada la resolución apelada y devuelto el caso a la corte inferior para ulteriores procedimientos no inconsistentes con la opinión.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.