EL PUEBLO, DEMANDANTE Y APELADO, *v.* DELGADO, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Distrito Segundo, en causa por daños maliciosos.

No. 2087.—Resuelto en junio 19, 1923.

DAÑOS MALICIOSOS—NEGLIGENCIA QUE EQUIVALE A MALICIA—MALICIA.—El hecho
de que el acusado disparara su revólver sobre un bulto que resultó ser un
potro, porque creyó que era un fantasma, no justifica la ausencia de malicia.
ID. — PRESCRIPCIÓN — ALEGACIONES. — En el presente caso el apelante aparente-
mente alega que no se probó que el delito estuviera dentro del período de su
prescripción, pero tal alegación es generalmente materia de defensa.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Soto Rivera.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

El apelante fué acusado de un delito de daños maliciosos
por haber entrado en una propiedad particular y matado
allí maliciosamente un potro perteneciente al perjudicado.
No hubo duda alguna del disparo hecho al potro y el funda-
mento principal de error fué que no se probó que existiera
ninguna malicia.

Para justificar la ausencia de malicia hubo prueba ten-
dente a acreditar que mientras el acusado iba para un rosa-
rio vió un bulto en el camino, creyó que era un fantasma y
disparó contra él matando al potro. Sin embargo, una per-
sona que hace uso de un instrumento peligroso como lo es
un revólver, debe estar razonablemente segura antes de dis-
parar de que no causará daño con el tiro. En este caso el
acusado tenía motivos para creer que el objeto que se apa-
recía podría ser otra cosa que no fuera un fantasma. Por
el hecho de no tomar precauciones o por tal descuido po-
dría inferirse la malicia. ''Malicia'' está definida de este
modo en el Código Penal:

''Las palabras 'malicia', 'maliciosamente,' denotan la comisión

de un acto dañoso intencionalmente, sin justa causa o excusa,—la esciente infracción de la ley, en perjuicio de otro.''

En el presente caso, además, la corte tenía derecho a creer, en vista de la prueba, como probablemente creyó en realidad, que los hechos sucedieron de otro modo.

También sostuvo el apelante que no se probó la fecha en que fué cometido el delito toda vez que no se especificó el año de la ocurrencia. Creemos que toda la tendencia de la prueba fué acreditar un suceso reciente. El apelante aparentemente lo que alega es que no se probó que el delito estuviera dentro del período de su prescripción, pero tal alegación generalmente es materia de defensa.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.