EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FRANCISCO JIMÉNEZ, acusado y apelante.

No. 2412.—*Visto:* Abril 7, 1925. *Resuelto:* Abril 20, 1925.

1. DERECHO PENAL—EXPOSICIÓN ANTERIOR POR EL MISMO DELITO *"Former Jeopardy"*—SOBRESEIMIENTO DESPUÉS DE DISUELTO UN JURADO EN DESACUERDO. —Una orden de sobreseimiento (*nolle prosequi*) registrada después de disuelto un jurado en desacuerdo no impide otro proceso por el mismo delito.
2. DERECHO PENAL—ACUMULACIÓN DE PARTES, DELITOS Y CARGOS, DUPLICIDAD Y ELECCIÓN—HECHO EJECUTADO REALIZANDO UNO O VARIOS ACTOS.—Una acusación bajo el artículo 413 del Código Penal no es defectuosa porque los varios actos que llevó a cabo el acusado para ejecutar el delito estén involucrados en la acusación y no separados.
3. FALSIFICACIÓN—EVIDENCIA—PESO DE LA PRUEBA Y SUFICIENCIA DE ESTA.— Examinada la prueba en el caso de autos, *se resolvió:* que la misma fué robusta y ella sostiene el veredicto del jurado.

SENTENCIA de *Pablo Berga,* J. (Humacao), condenando al acusado por delito de falsificación (Art. 413, Cód. Penal). *Confirmada.*

*Francisco Cerroni,* abogado del apelante; *José E. Figueras* y *Carlos Llauger Díaz,* abogados de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este es un caso por infracción del artículo 413 del Código Penal.

El acusado fué declarado culpable y se le condenó a sufrir un año de presidio. No conforme apeló de la sentencia y señala en su alegato la comisión de tres errores, a saber: 1, haber estado expuesto por el mismo delito que se le imputa en la acusación; 2, no alegar la acusación hechos constitutivos de delito; y 3, no haberse absuelto perentoriamente al acusado por insuficiencia de la prueba.

[1] El jurado en el juicio anterior no llegó a un acuerdo y por esta razón fué disuelto. El artículo 277 del Código de Enjuiciamiento Criminal, Compilación de 1911, página 1037, dispone que una corte tiene poder para disolver un jurado después que el proceso haya sido sometido a su deliberación cuando resultare de una manera clara y evidente que no hay probabilidad razonable de que el jurado llegue a un acuerdo; y el 278 prescribe asimismo que en tales casos la causa podrá ser oída nuevamente. En el caso de *El Pueblo* v. *Brau,* 27 D.P.R. 779, se declaró: "Todos los casos en los cuales se insiste en que el acusado ha estado en peligro por segunda vez cuando no ha habido sentencia condenatoria dependen principalmente del hecho de haber habido un veredicto antes de dictarse sentencia contra el acusado."

La causa, sin embargo, no fué directamente sometida a nuevo juicio. La acusación fué sobreseída y el fiscal solicitó permiso para someter los mismos hechos a otro gran jurado. Así se hizo y una nueva acusación fué formulada. El apelante se queja, sin embargo, que la segunda acusación se funda en el artículo 413 del Código Penal y no en el 419 en que se basaba la anterior, y sostiene además como defensa que el sobreseimiento de la primera acusación tiene el carácter de una alegación *nolle prosequi* y constituye un *jeopardy,* impidiendo que el acusado pueda ser juzgado por segunda vez. En primer lugar, el apelante admite que los hechos delictivos sometidos al otro gran jurado son los mismos que fueron materia de la primera acusación, y el sobreseimiento no tuvo más objeto que acomodar la acusación al

artículo 413, *supra,* y en segundo lugar, asumiendo que se tratara de una alegación *nolle prosequi,* ella no impediría otra persecución por el mismo delito.

"Pero una orden de sobreseimiento (*nolle prosequi*) registrada después de estar en desacuerdo y disuelto el jurado no impedirá otro proceso por el mismo delito." 16 C. J. 249.

Véase también el caso de *El Pueblo* v. *Felicié,* 31 D.P.R. 514.

[2] El error de este número envuelve la suficiencia de la acusación. El artículo 413 del Código Penal (Comp. 1911, p. 975) en que se funda, dice:

"Art. 413.—Será reo de falsedad toda persona que con intención de defraudar a otra, falsificare, alterare, contrahiciere o imitare cualquiera carta partida, carta, patente, escritura, contrato de arrendamiento, convenio, obligación, testamento, codicilo, comprobante de pensión, bono, pacto, billete de banco, vale, obligación, cheque, * * *; o que falsificare o imitare el sello o letra de otra persona; o que emitiere, circulare, pasare, o intentare pasar como genuino, cualquiera de las susodichas falsificaciones, imitaciones o alteraciones, sabiendo que lo son, con intención de perjudicar, dañar, o defraudar a alguna persona; o que, con intención de defraudar, alterare, viciare, falsificare la inscripción de algún testamento, * * * * ."  .

Este artículo comprende más de un medio por el que se puede cometer el delito de falsificación. Un mismo hecho puede ejecutarse realizando uno de los actos enumerados o abarcando varios, pero sea uno o diversos los actos realizados, siendo el elemento esencial del delito el de defraudar, el delito que se comete no es más que uno y es el de falsificación.

La acusación en este caso alega los varios actos que llevó a cabo el acusado para ejecutar el delito y que están comprendidos en el artículo 413. No es defecto, por consiguiente, como se sostiene por el apelante, que los cargos estén involucrados en la acusación y no separados. La acusación en este caso casi sigue en sus términos la de *El Pueblo* v. *Vélez,* 17 D.P.R. 1016, y en él se declaró suficiente.

En la obra California Jurisprudence, tomo 12, pág. 660, tratando la manera cómo se comete el delito de falsificación, se sostiene la siguiente doctrina: ﹅

"De conformidad con el artículo 470 del Código Penal, 'el hacer falsamente,' 'alterar,' 'falsificar,' 'imitar,' 'presentar,' 'publicar,' 'pasar,' 'tratar de pasar' cualquiera de los instrumentos o cosas allí mencionados, con la intención especificada, se considera una falsificación. Y cualquier persona que sea culpable de uno o más de estos actos en relación con el mismo instrumento, es culpable sólo de una falsificación. En tanto los varios actos mencionados se cometen en relación con el mismo instrumento, deben ser considerados como que constituyen una transacción continua, a pesar del lapso de tiempo o la intención de actos de otras personas, que no destruyen la identidad del instrumento. De manera que el que acusa, al imputar todos los actos enumerados en el estatuto en relación con el mismo instrumento, puede a su gusto imputarlos todos en el mismo cargo, o cada uno en cargos separados. Cuando el estatuto enumera varios actos disyuntivamente, los cuales separada o conjuntamente constituyen el delito, la acusación o información, al imputar más de uno de ellos en el mismo cargo, debe hacerlo así en forma conjuntiva, a no ser que las palabras usadas disyuntivamente en el estatuto sean sinónimas, como 'revelará, publicará, pasará, o tratará de pasar.' "

[3] Este error de igual modo carece de fundamento. La prueba fué robusta y ella sostiene el veredicto del jurado.

*La sentencia debe ser confirmada.*