EDUARDO M. MORERA, peticionario, *v.* CORTE DE DISTRITO DE GUAYAMA, HON. R. CORDOVÉS ARANA, JUEZ, demandada.

Núm. 334.—*Sometido:* Diciembre 4, 1939. *Resuelto:* Diciembre 8, 1939.

*Justo A. Casablanca,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En febrero 27, 1936, se presentó acusación contra Eduardo M. Morera por haber conducido un automóvil en violación del artículo 328 del Código Penal.

El proceso fué abandonado por el Gobierno durante un largo período de tiempo y finalmente fué llamado el caso para juicio en el año 1939. Entonces el acusado presentó una moción solicitando de la corte el archivo y sobreseimiento del caso a tenor de las disposiciones del artículo 448 del Código de Enjuiciamiento Criminal, por haberse demorado la celebración del juicio más de 120 días. La corte decretó el sobreseimiento el 25 de abril y ordenó al mismo tiempo al fiscal que presentara una nueva acusación.

En mayo 1, 1939, el fiscal de distrito de Guayama presentó otra acusación contra el peticionario, basado aparentemente en los mismos hechos. Durante la lectura de la acusación el acusado alegó a la corte que de conformidad con el artículo 78 del Código Penal la causa había prescrito, toda vez que habían transcurrido más de tres años desde que se cometió el supuesto delito y que en su consecuencia debía sobreseerse la causa. La corte declaró sin lugar la moción.

■ El acusado ha acudido ante este tribunal en solicitud de un auto de *mandamus*. Estamos plenamente convencidos de que no procede la expedición del auto, toda vez que la cuestión de prescripción debe suscitarse mediante excepción perentoria o a virtud de la alegación correspondiente a la acusación. Entonces, luego de haberse suscitado una controversia de hecho o de derecho y de haberse dictado sentencia sobre la misma, el acusado ha podido apelar y solicitar que la cuestión sea revisada por este tribunal.

■ Según sucede en los casos civiles la cuestión de prescripción, al igual que la de haber sido expuesto dos veces por el mismo delito (*jeopardy*), es un privilegio del acusado a que debe llamarse la atención de la corte. Véase *Pueblo* v. *Brau,* 27 D.P.R. 779.

■ Generalmente no procede el *mandamus* cuando el peticionario puede hacer valer sus derechos mediante el recurso de apelación.

*No ha lugar a expedir el auto solicitado.*