MANUEL GONZÁLEZ HERNÁNDEZ, (a) RASQUIÑA, peticionario, v. SIXTO M. SALDAÑA, JEFE DEL PRESIDIO INSULAR, demandado.

Núm. 146.—*Sometido:* Junio 7, 1941. *Resuelto:* Junio 11, 1941.

*A. D. Marchand Paz,* abogado de oficio del peticionario; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los hechos alegados en la petición de hábeas corpus y probados en la vista de este recurso son, en síntesis, los siguientes:

El peticionario, Manuel González Hernández (*a*) Rasquiña fué condenado el 15 de octubre de 1935 por la Corte de Distrito de Arecibo a cumplir doce años de presidio por el delito de escalamiento en primer grado subsiguiente. Esta sentencia fué anulada el 15 de octubre de 1940 mediante recurso de hábeas corpus, por el fundamento de no haber estado el acusado asistido de abogado en la corte inferior. El 19 de marzo de 1941 el fiscal de dicha corte radicó una nueva acusación contra el aquí peticionario imputándole el mismo delito que sirvió de base a la anterior acusación y el 25 de marzo de este año el acusado, debidamente representado por abogado, hizo alegación de culpabilidad y fué sentenciado a cumplir ocho años de presidio los que está cumpliendo.

Solicita el peticionario que ordenemos su excarcelación por ser nula esta última sentencia toda vez que la Corte de Distrito de Arecibo carecía de jurisdicción para dictarla debido a que el término dentro del cual debió iniciarse la acción penal había prescrito por haber transcurrido más de tres años computados desde la comisión del delito el 7 de mayo de 1935 hasta la fecha de la radicación de la nueva acusación el 19 de marzo de 1941 en violación del artículo 78 del Código Penal que dispone que:

"La acción penal por cualquier delito grave (*felony*) fuera de asesinato, malversación de fondos públicos o falsificación de documentos públicos, deberá entablarse dentro de los tres años de su comisión."

El peticionario admite que no suscitó ante la corte inferior, mediante excepción perentoria o a virtud de cualquiera otra alegación contra la acusación el hecho de que la acción penal estaba prescrita y formula y contesta las siguientes preguntas:

"¿ Cabe sostenerse que su actuación conllevó una renuncia a ulterior levantamiento de tal cuestión por ser ésta un privilegio suyo acerca del cual debió llamar a tiempo la atención de la corte? ¿ Cabe sostenerse que su actuación no conllevó una renuncia a ulterior levan-

tamiento de tal cuestión, como en el presente recurso de hábeas corpus la levanta, por ser ésta un derecho substancial de carácter jurisdiccional? De acuerdo con la jurisprudencia sentada por este Honorable Tribunal, que más adelante se dirá, cabe sostenerse lo primero. De acuerdo con la jurisprudencia actual (desde mayo 17, 1933) sentada por los tribunales de California, que más adelante se dirá, cabe sostenerse lo segundo.''

██ Tanto en el caso de *El Pueblo* v. *Delgado,* 32 D.P.R. 75 como en el de *Morera* v. *Corte,* 55 D.P.R. 742, esta corte resolvió que la cuestión relativa a la prescripción del proceso, debe suscitarse mediante excepción perentoria o a virtud de la alegación correspondiente a la acusación, por ser materia de defensa y un privilegio del acusado acerca del cual debe llamarse la atención de la corte. En el último caso citado se dijo lo siguiente:

''El acusado ha acudido ante este tribunal en solicitud de un auto de *mandamus.* Estamos plenamente convencidos de que no procede la expedición del auto, toda vez que la cuestión de prescripción debe suscitarse mediante excepción perentoria o a virtud de la alegación correspondiente a la acusación. Entonces, luego de haberse suscitado una controversia de hecho o de derecho y de haberse dictado sentencia sobre la misma, el acusado ha podido apelar y solicitar que la cuestión sea revisada por este tribunal.

''Según sucede en los casos civiles la cuestión de prescripción, al igual que la de haber sido expuesto dos veces por el mismo delito (*jeopardy*), es un privilegio del acusado a que debe llamarse la atención de la corte. Véase *Pueblo* v. *Brau,* 27 D.P.R. 779.''

Esta misma doctrina prevaleció en el Estado de California hasta el año 1933 en que se resolvió el caso de *People* v. *Hoffman,* 132 Cal. App. 60, ratificado en el año 1934 por la Corte Suprema de dicho Estado, en el caso de *People* v. *McGee,* 1 Cal. (2d) 611, por los que se adoptó la regla de que la interpretación que debe darse al artículo 800 del Código Penal de California concordante con el 78 de nuestro Código, es que la cuestión es jurisdiccional y que una acusación de cuya faz aparezca que el término estatutario de prescripción ha transcurrido ''no aduce hechos constitutivos de un delito

público'' y la cuestión puede levantarse en cualquier tiempo, antes o después de dictarse la sentencia. En un caso de hábeas corpus resuelto posteriormente, el de *In re Davis*, 13 California App. (2d) 109 (1936) se dijo:

''Consecuentemente, por ser jurisdiccional el estatuto de limitaciones, la insuficiencia de la información que aparece de la faz de ésta . . . *no se entiende renunciada porque no se presente excepción perentoria o moción sobre desestimación de sentencia, y por el contrario puede la prescripción levantarse por hábeas corpus.''* (Itálicas nuestras.)

El auto de hábeas corpus fué denegado en este caso porque la acusación contenía un segundo ''count'' que no estaba prescrito.

La razón que se dió para llegar a la conclusión de que estaba envuelta una cuestión jurisdiccional se expone en el caso de *People* v. *McGee,* supra, así:

''Esto es, por supuesto, una regla esencialmente distinta de la que rige en acciones civiles, y ello es consecuencia de la índole distinta en las dos clases de procedimiento. En las acciones civiles el estatuto es un privilegio que puede ser renunciado por la parte. En casos criminales, el estado, a través de su legislatura, ha decretado que no perseguirá delitos una vez transcurrido el término de limitación, y consecuentemente ha limitado el poder de las cortes para entender en la materia. (Véanse *People* v. *Hoffman,* supra; *State* v. *Bilbao,* 38 Idaho, 92 (213 Pac. 1025, 222 Pac. 785)). Se concluye que cuando aparece de las alegaciones del estado que el período del estatuto de limitaciones ha transcurrido, y nada se alega para que el caso no caiga dentro del estatuto, por ejemplo, que el acusado ha estado ausente del estado, no existe facultad para entender en el caso.''

Sin embargo, la regla general prevaleciente en las distintas jurisdicciones en los Estados Unidos, es que la cuestión de prescripción es una que el acusado debe levantar como defensa contra la acusación y no es base para su excarcelación por hábeas corpus. Así, en 25 Am. Jur. 182, Sección 51, se dice:

''El auxilio del auto (de hábeas corpus) no puede invocarse fundado en que la ofensa imputada está prescrita bajo el estatuto

de limitaciones o que el peticionario ya ha sido expuesto por el mismo delito (*former jeopardy*)."

Y en 29 C. J. 44 sección 36, se expone así:

"El estatuto de limitaciones es materia de defensa y no es fundamento para excarcelar por hábeas corpus, aunque hay autoridad en contrario."

En apoyo de la regla general se citan, entre otros, el caso de *Biddinger* v. *Police Commissioner of New York*, 245 U. S. 128, 62 L. ed. 193, que fué uno de hábeas corpus en el que el peticionario fué arrestado con el fin de ser extraditado a otro estado y levantó la cuestión de que el delito objeto de la extradición había prescrito, resolviéndose por la Corte Suprema de los Estados Unidos, según se expone en el *syllabus,* que:

"El estatuto de limitaciones es una defensa que debe ser alegada en el juicio por el acusado en casos criminales; y esta Corte ha resuelto frecuentemente que materias de defensa no pueden oírse en hábeas corpus para poner a prueba la validez del arresto en extradición, sino que deben oírse y resolverse en el juicio por las cortes del estado que solicita la extradición."

Véanse asimismo los casos de *In re Johnson,* 230 P. 67; *U. S.* v. *Cook,* 17 Wall 168, 21 L. ed. 538; *State* v. *Johnson,* 238 N. W. 490.

Además de los casos resueltos por este tribunal y citados anteriormente, está el de *Ex parte Sierra,* 16 D.P.R. 830, recurso de hábeas corpus sometido al Juez Asociado Sr. Mac-Leary, personalmente, y en el que se planteó esta misma cuestión que fué resuelta por dicho magistrado en la forma siguiente:

"Si la sentencia condenatoria era nula, desde luego que debería ponerse al peticionario en libertad; mas, si es sencillamente anulable y fué errónea, *debió él haber apelado oportunamente contra la misma, y no haber solicitado un auto de hábeas corpus.* Repetidamente se ha decidido, y de ello están bien enterados, tanto los jueces como los abogados, que el auto de hábeas corpus no hace las veces de una apelación, y el abogado del peticionario acepta este principio y alega

la nulidad de la sentencia. Cita él el artículo 79 del Código Penal, que dice así: 'La acción penal por cualquier *misdemeanor* deberá entablarse dentro del año de su comisión.' *El abogado del peticionario sostiene que este artículo del Código es imperativo, y que a menos que no se observe por el tribunal, toda jurisdicción de la cuestión, tanto de la materia objeto de la acción así como de la persona del peticionario, se pierde, y que cualquier sentencia que se dicte en tal caso, es completamente nula y de ningún valor. No soy de esa opinión con respecto a este punto.* No cabe duda, según el caso aparece de la demanda la cual ha sido presentada como prueba, de que la corte de distrito tenía jurisdicción tanto en la persona del peticionario como de la materia objeto del delito. *Si la acción penal por el acto criminal cometido había prescrito, de conformidad con la citada ley fué materia de defensa, y no extinguía el delito y sí solamente amparaba al peticionario contra toda acción penal por el mismo.* Podía aún ser culpable, por más que la ley lo exoneraba a causa del tiempo transcurrido. *Tenía derecho a presentar esa defensa en el momento de la vista, y si la corte, por cualquier motivo, la hubiera considerado ineficaz, habría podido tomar excepción a esa resolución, y si hubiera sido declarado culpable y condenado a prisión, hubiera podido apelar ante este tribunal. Éste es el remedio que debió haber utilizado.* Si la acción contra él había o no prescrito, no es punto que me propongo resolver, y que dejo a la consideración y decisión del Tribunal Supremo, si se trajera el caso debidamente ante el mismo." (Itálicas nuestras.)

Somos de opinión que la regla establecida en el caso de *Morera* v. *Corte,* supra, que es la misma expuesta por el Juez MacLeary en el de *Ex parte Sierra,* debe continuar prevaleciendo en esta jurisdicción, es decir, que la cuestión de prescripción no es una que deba plantearse por primera vez en un recurso de hábeas corpus sino que debe suscitarse en el transcurso del proceso y si es resuelta adversamente al acusado puede ser revisada en apelación. Pueden existir casos en los que, aparentemente, de la faz de la acusación el delito haya prescrito, pero que, al suscitarse la cuestión, el fiscal, mediante prueba, puede demostrar razones legales suficientes para su actuación tardía y no creemos que esté obligado a hacer esas alegaciones en la acusación.

*Se declara sin lugar la petición y anula el auto expedido.*