[No. 10,978. Department One.—July 28, 1884.]

## EX PARTE EDWARD DONAHUE ON HABEAS CORPUS.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—JURISDICTION OF SUPERIOR COURT.—A defendant charged with the offense of assault with a deadly weapon may be convicted in the Superior Court of a simple assault, and that court has jurisdiction to pronounce judgment imposing the punishment fixed by law for the offense of which he was convicted.

APPLICATION for a writ of habeas corpus. The facts are stated in the opinion of the court.

*L. J. Maddox,* for Petitioner.

McKEE, J.—The petitioner complains that he is illegally restrained of his liberty under a judgment of the Superior Court of Stanislaus County, by which he has been sentenced to pay a fine of five hundred dollars, and in default of payment to be imprisoned in the county jail until payment of the fine at the rate of one dollar per day for each day's imprisonment.

This judgment was rendered upon a verdict of simple assault. The verdict, however, was rendered upon an information against the petitioner which charged him with having committed the offense of assault with a deadly weapon. And it is contended that the judgment is void, because the court had no original jurisdiction of the offense of which the petitioner was convicted.

Section 5 of article vi. of the Constitution conferred upon the Superior Courts original jurisdiction in all criminal cases amounting to felony, and cases of misdemeanor not otherwise provided for. Section 11 of the same article empowered the legislature to fix by law the powers, duties, and responsibilities of justices of the peace, subject to the *proviso,* that the powers which might be conferred upon them were not in any case to trench upon the jurisdiction given to the courts of record. In carrying out these constitutional provisions the legislature provided as follows:—

"Section 115. The Justices' Courts shall have jurisdiction of the following public offenses committed within the respective counties in which such courts are established:—

"1. Petit larceny.

"2. Assault or battery not charged to have been committed upon a public officer in the discharge of his duties, or to have been committed with such intent as to render the offense a felony.

"3. Breaches of the peace, riots, routs, affrays, committing a wilful injury to property, and all misdemeanors, punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment." (Stats. 1880, p. 79.)

By these enactments Justices' Courts were given jurisdiction in criminal cases of assault. But they have no jurisdiction of the offense of assault with a deadly weapon. That is a felony (§ 245, Pen. Code), and the Superior Court is the only court that has jurisdiction of it. It is, however, an offense which necessarily includes within it the offense of assault. And a person accused of the greater offense may be convicted of the lesser. (§ 1159, Pen. Code.) But conviction of the lesser offense, included within the greater, for which a person has been indicted, or informed against, and of which and the parties the court has jurisdiction, does not take away or impair the jurisdiction; for after conviction in a criminal case, which the court has jurisdiction to try, the duty devolves upon the court to impose punishment, according to law, for the offense of which the party has been legally convicted. As was said in *People* v. *English*, 30 Cal. 258, "the offense for which the defendant was indicted was of a higher grade than that for which he was convicted; still, as the offense of which he was found guilty is included in the crime with which he was charged, the verdict is to be followed by the same consequences that would have attended it had the indictment charged the lesser offense." It follows that the petitioner was convicted of an offense within the scope of the information, and the judgment upon it was one which the Superior Court had authority to render.

Writ dismissed.

Ross, J., concurred.

McKinstry, J., concurring.— I concur in the judgment. The Superior Courts have jurisdiction, in civil cases in which

the demand, exclusive of interest, amounts to three hundred dollars, and "in all criminal cases amounting to felony," etc. (Const. art. vi. § 5.) The "demand" in civil cases is determinable by reference to the complaint, and it is settled, that, if the amount demanded is three hundred dollars, the court has jurisdiction to render a judgment for less than three hundred dollars. The language of the section itself imports that the criminal jurisdiction, so far as it is conferred by the clause above quoted, is to be determined by the nature of the offense charged in the indictment or information. A demand of three hundred dollars includes a demand for every less sum, and a charge of any felony includes a charge of every misdemeanor which constitutes one of the elements that go to make up the greater crime.

We must presume the framers of the Constitution had in view the common law rule, that one charged with a crime may be convicted of a less offense necessarily included in the crime charged. To reach the construction of the provision of the Constitution, claimed by petitioner to be the correct construction, we would be obliged to hold that (although the indictment or information includes a charge of misdemeanor), the party charged cannot be tried for the misdemeanor in the Superior Court, and, as a consequence, that an acquittal in the Superior Court would not constitute a bar to a subsequent prosecution for the misdemeanor in the Justice's Court. In other words, that a person may be subject to two separate prosecutions, in different courts for precisely the same act. I cannot think this was intended.