[Crim. No. 85. Fourth Appellate District.—May 17, 1933.]

THE PEOPLE, Respondent, v. WILLIAM J. HOFFMAN, Appellant.

William J. Hoffman, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

ANDREWS, J., *pro tem.*—On the sixteenth day of February, 1931, the information in this case was filed wherein defendant was charged with a violation of section 606 of the Penal Code, a felony, committed on the twenty-eighth day of February, 1927. Section 800 of the Penal Code requires that information must be filed within three years after the commission of the crime. The time elapsing from the commission of the crime, as set forth in the information, and the time of its filing, was three years and more than eleven months. When arraigned defendant entered a plea of guilty and the court pronounced judgment sentencing him to the state prison. Subsequently, on the nineteenth day of December, 1932, defendant filed a notice of motion to vacate and set aside the judgment on the grounds that the court had no jurisdiction to pronounce said judgment in that the information was not filed within the three-year limit prescribed by the code, and that the proceeding was in violation of defendant's constitutional rights and a denial of due process of law, and that the judgment and all proceedings

had thereon were null and void. The motion was denied and this appeal taken to this court.

On behalf of defendant it is here contended that the information was void upon its face in that it appeared affirmatively therein that the statute of limitations had run against any prosecution or judgment for the alleged crime. Opposed to this contention the state maintains that the statute of limitations is a mere matter of defense which must be asserted by defendant, failing in which, it is by him waived. This question, whether regarded as one of pleading or substantive law, has for long years divided the various jurisdictions of this country and carefully considered opinions have been rendered by state and federal courts and different conclusions have been reached.

The question came before the Supreme Court of this state at an early date, and in 12 Cal. 291, in the case of *People* v. *Miller*, the court took the position contended for by defendant, using the following language: "The allegation of a day within the period of limitation is material, whether the offense is subject to limitation. . . . It is true that the statute of limitations excludes from computations the time the defendant may be out of the state, but the rule is, that this exception must be stated in the pleading. *Prima facie*, the lapse of time is a good defense, and if the statutory exception is relied on, the state should set it up." The same question has been before our upper courts on numerous occasions and the same rule has been consistently upheld.

It appears from the face of the information that it did not state a public offense and that defendant could not be prosecuted thereunder and no judgment of conviction could be based upon it. It might illustrate the application of the rule if we suppose the information to have stated on its face, after setting forth the acts constituting the crime, that defendant had theretofore been placed on trial for this crime before a jury and acquitted. If defendant, under such an indictment, should enter a plea of guilty it would nevertheless be the judgment of the law that he could not be put on trial or be convicted of the offense and his discharge would thereupon be ordered. The statement of former acquittal is no different in law than a statement that the statute of limitations had run on the crime, the result

of both being that defendant could not thereafter be prosecuted for the offense whether originally guilty or not. The humane purpose designed by the legislature to be brought about by the statute of limitations affords immunity and protection to the citizen who thereby is free, and the public authorities who for three years failed to file a presentment for the alleged crime are thereafter precluded from pursuing him in a criminal prosecution.

The state contends that an appeal from an order made after judgment will not lie where an appeal from the original judgment was not taken, and that because defendant failed to take an appeal from the judgment of conviction entered on his plea of guilty, he has waived his right of defense and is precluded from any attack upon the judgment. This has been held in certain cases where the matter involved related to errors and irregularities occurring in the exercise of a lawful jurisdiction, but can have no application to a judgment entered without legal justification and which is wholly void. It may be admitted that the court had jurisdiction of the subject matter and of the defendant. The phrase, "want of jurisdiction," is sometimes used when referring to orders made in excess of the powers of the court and which are void although made at the time of and in connection with ordinary administration of law.

In one of the cases cited from our upper courts it was declared that such an order was a dead limb on the judicial tree and should be lopped off either by the judge of his own motion or on motion of defendant and that such a judgment being entirely void could be attacked collaterally or by motion, which is a direct attack, without limitation as to time.

*Habeas corpus* can only be resorted to where the question of jurisdiction is involved and cannot be used to correct or test errors or irregularities, but it has been held in this state that it would lie to test a judgment of this character and to release the prisoner.

This being the nature of the proceeding of which defendant complains it cannot be the law that to secure his right he must resort to the trouble, delay and expense incident to an appeal from the void judgment when by a motion made in the trial court it would be expected that

his rights would be fully protected and his release from imprisonment promptly follow.

Where the judgment is void upon the face of the record it is as if no judgment existed and no technical rule can prevent the correction of such a wrong. The procedure adopted by defendant brings the matter fairly and fully into this court for determination.

The order appealed from is reversed, with directions to the trial court to grant the motion to vacate the judgment.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1933.