[Crim. No. 3686. In Bank.—October 8, 1934.]

THE PEOPLE, Respondent, v. JOHN McGEE, Appellant.

W. C. Dorris and R. W. Henderson for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

LANGDON, J.—On November 3, 1930, an information was filed charging defendant with the crime of rape, and alleging the commission of the offense on or about March 30, 1926. A prior conviction of second degree burglary was also charged. Defendant appeared without counsel, pleaded guilty and was sentenced to imprisonment in the state prison. On March 18, 1933, defendant filed a motion to set aside the judgment, which was denied. This appeal is from the order denying the motion.

Section 800 of the Penal Code provides: "An indictment for any other felony than murder, the embezzlement of public money, or the falsification of public records, must be found, or an information filed, within three years after its commission." Section 802 of the same code provides: "If, when the offense is committed, the defendant is out of the state, indictment may be found or an information filed within the term herein limited after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within this state, is part of the limitation." On the face of the information herein it clearly appears that it was not filed within the period of the statute of limitations, and no allegations setting forth an exception to the running of the statute are made. If

defendant had set up the bar of limitation, he would, so far as the record shows, have been entitled to a dismissal. But he failed to do so and raises the defense now for the first time after conviction and sentence. His contention is that the court lacked jurisdiction after the expiration of the three-year period, and that the judgment was therefore void.

Whether the statute of limitations in criminal cases is jurisdictional, or a matter of defense to be affirmatively pleaded by the defendant, is a question upon which there exists some diversity of opinion. In California the law is in a most confused state. This court, in *Ex parte Blake*, 155 Cal. 586 [102 Pac. 269, 18 Ann. Cas. 815], declared that the statute was a mere matter of defense, and not ground for discharge on *habeas corpus*. The District Court of Appeal, in *Ex parte Vice*, 5 Cal. App. 153 [89 Pac. 983], came to the opposite conclusion; and in *People* v. *Hoffman,* 132 Cal. App. 60 [22 Pac. (2d) 229], the court held that a motion to set aside a judgment would lie where the information showed on its face that the statute had run. A hearing in the Hoffman case was denied by this court. The early case of *People* v. *Miller*, 12 Cal. 291, also lends support to this conclusion.

It is necessary that this confusion be eliminated, and that the rule which shall govern prosecutions in this state be declared. In our view, the more desirable rule is that the statute is jurisdictional, and that an indictment or information which shows on its face·that the prosecution is barred by limitations fails to state a public offense. The point may therefore be raised at any time, before or after judgment.

This is, of course, a rule essentially different from that governing civil actions, and it results from the different character of the statute in the two kinds of proceedings. In civil actions the statute is a privilege which may be waived by the party. In criminal cases, the state, through its legislature, has declared that it will not prosecute crimes after the period has run, and hence has limited the power of the courts to proceed in the matter. (See *People* v. *Hoffman, supra; State* v. *Bilboa,* 38 Idaho, 92 [213 Pac. 1025, 222 Pac. 785].) It follows that where the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute,

for example, that the defendant has been absent from the state, the power to proceed in the case is gone.

■ Even if this issue were not determinative, the judgment would still be improper, for the alleged *prior conviction,* as charged in the information, took place on October 17, 1927, and hence *subsequent* to the offense for which defendant was prosecuted herein. Section 969 of the Penal Code provides that in charging a previous conviction, it is sufficient to state that "the defendant, *before* the commission of the offense charged in this indictment or information", was convicted of a felony. The burglary conviction of defendant was not a "prior conviction" under this section. The attorney-general points to section 1168 of the Penal Code, which, in subdivision (2), states that the minimum term of sentence and imprisonment for persons "previously convicted of a felony" shall be five years, "notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence". The difficulty with section 1168 is that it would appear to impose a punishment where there has been no pleading and proof to justify it. In other words, section 969 provides for charging a prior conviction, and an information such as the one involved herein does not fulfill the statutory requirement. Hence the defendant, though not validly charged with a prior conviction, is nevertheless subjected to an additional penalty by reason of a prior conviction. This nullifies the provisions of section 969, and we think that there is no justification for doing so.

The order appealed from is reversed.

Seawell, J., Curtis, J., Waste, C. J., Shenk, J., and Preston, J., concurred.