[Crim. No. 2076. First Appellate District, Division Two.—June 19, 1939.]

THE PEOPLE, Respondent, v. ANDREW H. HECTOR, Appellant.

A. H. Hector, *in pro. per.*, for Appellant.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was convicted of the crime of burglary in the second degree and was sentenced to imprisonment in San Quentin on March 11, 1921. It appears from the statements in the briefs that he has served his sentence for said offense, and that he is now serving a sentence for some other offense. In 1939, defendant filed a motion to set aside the judgment of conviction, which motion was noticed for March 6, 1939. The motion was denied and defendant appeals from the order denying said motion.

The motion to set aside the 1921 judgment was based upon the claim that the information in said proceeding affirmatively showed upon its face that the statute of limitations

had run prior to the filing of said information. Defendant cited and relied upon *People* v. *McGee,* 1 Cal. (2d) 611 [36 Pac. (2d) 378], and *People* v. *Hoffman,* 132 Cal. App. 60 [22 Pac. (2d) 229], in support of said motion. Defendant now contends that the trial court erred in denying said motion, but, upon the record before us, we find no error in the trial court's ruling.

The record purports to contain a certified copy of the information which was filed on December 4, 1920. In so far as the date of the commission of the offense is concerned, said copy of the information reads as follows: "The said Andrew Hector, on or about the 30th day of October, A. D. Nineteen hundred and Twenty," which words are followed by the word "Seventeen" in parentheses. In making his motion defendant claimed that the information alleged that the offense was committed in 1917 rather than in 1920. The district attorney claimed that there had been a fraudulent alteration of the information for the purpose of said motion. Taking the information, as certified in the record, the most that can be said is that uncertainty may have existed by reason of the insertion of the word "Seventeen" in parentheses following the word "Twenty". It does not appear that the uncertainty, if any uncertainty existed at the time, was called to the attention of the trial court during the trial of the action in which defendant was convicted but, in any event, defendant cannot sustain his claim, upon the record here, that said information affirmatively showed that the statute of limitations had run.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 1, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1939.