Manuel González Hernández, (a) Rasquiña, Petitioner, v. Sixto M. Saldaña, Warden, Respondent.

No. 146.   Argued June 7, 1941.—Decided June 11, 1941.

*A. D. Marchand Paz*, for petitioner.   *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for respondent.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The facts alleged in the petition of habeas corpus, and proved at the hearing of the case, are in brief, as follows:

The petitioner, Manuel González Hernández (a) Rasquiña, was sentenced on October 15, 1935, by the District Court of Arecibo, to 12 years in the penitentiary for the subsequent offense of first degree burglary. This sentence was annulled on October 15, 1940, by a habeas corpus proceeding, because the defendant had not had the assistance of counsel in the lower court. On March 19, 1941, the district attorney of said court filed a new information against the herein petitioner charging him with the same offense which was the basis of the former information, and on March 25, 1941, the defendant, duly represented by counsel, pleaded guilty and was sentenced to eight years in the penitentiary which he is now serving.

The petitioner requests us to order his release, because this last sentence was null and void, inasmuch as the District Court of Arecibo lacked jurisdiction to render it, due

to the fact that the time within which the criminal prosecution should have been brought, had elapsed, since more than three years had passed, counted from the commission of the crime on May 7, 1935, to the date when the new information was filed on March 19, 1941, in violation of Section 78 of the Penal Code, which provides:

"The prosecution for any felony other than murder, the embezzlement of public money, or the falsification of public records, must be commenced within three years after its commission."

The petitioner admits that he did not raise in the lower court, by a demurrer or by means of any other plea against the information, the fact that the criminal action had prescribed, and then raises and answers the following questions:

"Can it be held that his action was a waiver to raise such question, this being a privilege that should be brought to the attention of the court in time?

"Can it be held that his action was not an implied waiver to raise such question subsequently as the present habeas corpus proceeding raises it, this being a fundamental right of jurisdictional character? According to the rule established by this Honorable Court, which will be cited later, the former may be held. In accordance with the present trend of decisions (from May 17, 1933), by the California Courts, which will be cited forthwith, the second contention is upheld."

■■ In the case of *People* v. *Delgado*, 32 P.R.R. 70, as well as in *Morera* v. *District Court*, 55 P.R.R. 717, this Court decided that the question relative to the prescription of the action must be raised by demurrer or by means of another plea to the information, it being a matter of defense and a privilege of the defendant, which should be brought to the attention of the court. In the last cited case it was said:

"The defendant has applied to this Court for a writ of mandamus. We are quite satisfied that the writ does not lie, inasmuch as the question of prescription should be raised by a demurrer or plea to

the information. Then, after an issue of fact or of law and a judgment entered on the issue, the defendant could appeal and have the question reviewed by this Court.

"As in civil cases the question of prescription, similar to that of jeopardy, is the privilege of the defendant and should be drawn to the attention of the court. See *People* v. *Brau*, 27 P.R.R. 713."

The same rule prevailed in California up to the year 1933 in which the case of *People* v. *Hoffman*, 132 Cal. App. 60, was decided. The doctrine established in this case was ratified in the year 1934 by the Supreme Court of the State, in the case of *People* v. *McGee*, 1 Cal. (2d) 611, where the rule was adopted that the construction that should be given to Section 800 of the Penal Code of California—equivalent to Section 78 of our Code—is that the question is jurisdictional and that an information on the face of which it appears that the statutory term that limits that action has elapsed "does not allege sufficient facts to constitute an offense" and the question may be raised at any time, before or after judgment is rendered.

In a habeas corpus case decided subsequently, *In re Davis*, 13 Cal. App. (2d) 109 (1936), it is said:

". . . It follows that since the statute of limitations is jurisdictional, the insufficiency of the information which shows on its face . . . *will not be waived by failure to demur or move in arrest of judgment, but on the contrary the bar may be raised on habeas corpus.*" (Italics supplied.)

The habeas corpus was dismissed in this case because the information had a second count that had not prescribed.

The reason that was given to arrive at the conclusion that a jurisdictional question was involved, is given in the case of *People* v. *McGee*, *supra*, thus: .

"This is, of course, a rule essentially different from that governing civil actions, and it results from the different character of the statute in the two kinds of proceedings. In civil actions the statute is a privilege which may be waived by the party. In criminal cases, the state, through its legislature, has declared that it will not pro-

secute crimes after the period has run, and hence has limited the power of the courts to proceed in the matter. (See *People* v. *Hoffman, supra; State* v. *Bilboa,* 38 Idaho 92 (213 Pac. 1025, 222 Pac. 785).). It follows that where the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone.''

Nevertheless, the general rule that prevails in the different jurisdictions of the United States, is that the question of limitation is one that the defendant should raise as a defense against the information and is not a ground for his release by habeas corpus. Thus, in 25 Am. Jur. 182, Section 51, it is said:

"Thus, the aid of the writ may not be invoked on the ground that the offense charged is barred by the statute of limitations, or that the petitioner has once been placed in jeopardy for the offense for which he is being prosecuted.''

And in 29 C.J. 44, Section 36, it is said:

"The statute of limitations is mere matter of defense and is not a ground for discharge on habeas corpus; but there is authority to the contrary.''

To uphold the general rule, the case of *Biddinger* v. *Police Commissioner of New York,* 245 U.S. 128, 62 L. ed. 193, among others, is cited. This was a habeas corpus proceeding in which the petitioner was arrested to be extradited to another state, and raised the question that the offense object of the extradition had prescribed. The Supreme Court of the United States held, as it is said in the syllabus, that:

"The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases; and this court has frequently decided that matters of defense can not be heard on habeas corpus to test the validity of an arrest in extradition, but must be heard and decided, at the trial, by the courts of the demanding State.''

See also the cases of *In re Johnson,* 230 Pac. 67; *U. S.* v. *Cook,* 17 Wall. 168, 21 L. ed. 538; *State* v. *Johnson,* 238 N.W. 490.

In addition to the cases decided by this Court and previously cited, there is the case of *Ex parte Sierra,* 16 P.R.R. 790, a habeas corpus proceeding submitted to Mr. Justice McLeary personally, in which this same question was raised, and decided by said judge in the following way:

"If the judgment of conviction was a nullity, of course the prisoner should be liberated; however, if it is simply voidable and was erroneous, *he should have taken an appeal from it at the proper time, and he should not have applied for a writ of habeas corpus.* It has been repeatedly decided, and is well understood, by the bar as well as the bench, that a writ of habeas corpus cannot serve the purpose of an appeal, and the prisoner's counsel admits that principle and claims the nullity of the judgment. He quotes section 79 of the Penal Code, which reads as follows: 'The prosecution for any misdemeanor must be commenced within one year after its commission.' *The prisoner's counsel contends that this section of the law is mandatory, and that unless it is followed by the court all jurisdiction of the question, of the subject matter as well as of the prisoner, is lost, and that any judgment rendered in such a case is utterly null and void.* I do not take this view of the matter. There is no question, as the case appears on the complaint which was introduced in evidence, that the District Court of San Juan had jurisdiction of the person of the prisoner and the subject matter of the offense. *If the prosecution for the criminal act was barred by limitation under the statute quoted, it was a matter of defense and did not extinguish the crime but only protected the prisoner from prosecution therefor.* He might still be guilty though the law exonerated him on account of the lapse of time. *He had a right to interpose this defense on the trial, and if the court for any reason held it inefficacious, he could have taken an exception to that ruling and, on being adjudged guilty and sentenced to imprisonment, could have appealed to the Supreme Court. This is the remedy he should have pursued.* Whether or not the statute of limitations has run in his favor, I do not undertake to decide, leaving that question to be considered and adjudged by the Supreme Court should the case come properly before it." (Italics supplied.)

We are of the opinion that the rule established in the case of *Morera* v. *District Court, supra,* which is the same as that stated by Mr. Justice McLeary in *Ex parte Sierra,* should prevail in this jurisdiction, that is, that the question of limitation should not be raised for the first time in a habeas corpus proceeding, but should be brought in the course of the proceedings and if it is decided adversely to the defendant, it may be reviewed on appeal. Cases may exist in which apparently, on the face of the information the offense has prescribed, but where, when the question is raised, the district attorney, with evidence, may present legal reasons sufficient to justify his delayed action, and we do not believe that he is under any duty of making that allegation in the information.

The petition of habeas corpus must be dismissed and the writ issued annulled.