[Crim. No. 3533. Second Dist., Div. One. Mar. 20, 1942.]

THE PEOPLE, Respondent v. JUNE BROOKS, Appellant.

,William G. Kenney for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

WHITE, J.—In an information filed by the District Attorney of Los Angeles County, the defendant was accused of the crime of assault with a deadly weapon, to which charge she entered a plea of not guilty. Upon a first trial of the cause defendant was convicted of the offense charged against her, but a new trial was granted in the superior court. Upon the second trial the jury disagreed. Following a third trial the jury returned a verdict finding the defendant guilty of the crime of assault, a misdemeanor, a lesser offense necessarily included in the charge set forth in the information. Defendant's motion for a new trial was denied, and she was sentenced to six months in the county jail, the execution of which sentence was suspended and the defendant placed on probation for the term of two years. From the judgment of

conviction and the order denying her motion for a new trial, defendant prosecutes this appeal.

The sole ground for reversal urged by appellant is that the trial court erred in denying her motion for a new trial for the asserted reason that ''the verdict is contrary to law, in that the court had lost jurisdiction to impose sentence upon the verdict returned by the jury, in that the statute of limitations had run with respect to the crime designated by the verdict.'' In other words, as we understand appellant's argument, it is that even though a complaint, indictment or information charging a misdemeanor is filed within the statutory time of one year after the commission of the offense (Pen. Code, secs. 801, 1426a), nevertheless the court is without power to pronounce judgment where a guilty verdict is rendered or a plea taken after the expiration of the aforesaid statutory time. This claim is without merit. The information herein was filed less than a month after the date on which it was alleged the crime was committed. While the offense of which the defendant was informed against was of a higher grade than that of which she was convicted, nevertheless the offense of which she was found guilty is one necessarily included in the crime charged against her. She was therefore convicted of an offense within the scope of the information; and the last-named pleading having been filed within one year after the commission of the offense of which defendant was found guilty, the superior court was empowered and had authority to pronounce the judgment against her. (*Ex parte Donahue,* 65 Cal. 474, 475 [4 Pac. 449].)

The cases of *People* v. *Picetti,* 124 Cal. 361, and *People* v. *Angelo,* 24 Cal. App. (2d) 626 [75 Pac. (2d) 614], earnestly relied upon by appellant, do not aid her, for the reason that in both the cited cases, although the defendant was charged with a felony and convicted of a misdemeanor, the same being a lesser offense included in the greater one charged, as was the case here, the offenses therein charged had been committed more than a year prior to the return of the indictment or filing of the information. As heretofore noted, in the case at bar the information was filed within less than a month after the date when the offense charged was alleged to have been committed.

The judgment and the order denying defendant's motion for a new trial are, and each is, affirmed.

York, P. J., and Doran, J., concurred.