[Civ. No. 22055. First Dist., Div. Three. July 30, 1965.]

E. M. GETZ, Plaintiff and Respondent, v. RAY WALLACE
et al., Defendants and Appellants.

Falk, Dunn & Buxton and Robert C. Dunn for Defendants
and Appellants.

Mathews & Traverse and Francis B. Mathews for Plaintiff
and Respondent.

DRAPER, P. J.—This is a companion case to *Barney* v. *Buswell*, No. 22054, decided this day. All the points argued in that case are urged here, and we refer to our opinion (*ante*, p. 208 [45 Cal.Rptr. 910]) for their disposition.

One new issue is raised. The complaint shows on its face that it was filed more than three years after distribution to defendant shareholders of the assets of Yellow Creek Logging Co. Defendants contend that the applicable statute of limitations, under the law of Oregon (Ore. Rev. Stats., § 12.100[2]), and that of California (Code Civ. Proc., § 359) is three years. No defendant demurred. Defendant Wallace answered, but did not assert any issue of limitation. The other two defendants defaulted. All three appeal from the judgment for plaintiff.

 In civil actions, the statute of limitations is a personal defense which is waived by failure to plead it (1 Witkin, Cal. Procedure (1954) p. 597). Defendants concede this rule, but assert that the present action to recover corporate debts from directors is one for a penalty or forfeiture, and thus is "penal in its nature" (*Saracco Tank & Welding Co.* v. *Platz*, 65 Cal.App.2d 306, 315 [150 P.2d 918]). It follows, they contend, that the rule applicable to criminal cases applies here. Under that rule, the statute is jurisdictional, and a pleading which shows on its face that the allowable period has run is fatally defective (1 Witkin, Cal. Crimes (1963) p. 224).

Appellants concede that they find no authority for this view. Nor does any such determination seem likely. The reason for the rule in criminal cases is that the state, the plaintiff in all criminal actions, has decreed that it will not prosecute crimes after the statute of limitations has run. Thus it has limited the power of the courts to act (*People* v. *McGee*, 1 Cal.2d 611, 613 [36 P.2d 378]). No such reason exists when the litigants are private parties.

 Limitations problems in actions against directors have been treated under the rules applicable to civil actions generally (see 3 Fletcher Cyc. Corp. (1965 rev. vol.) §§ 1304-10; see also *Minton* v. *Cavaney*, 56 Cal.2d 576, 581 [15 Cal. Rptr. 641, 364 P.2d 473]). This treatment is readily understandable, since the litigants are private parties concerned with private claims and seeking recovery of money judgments. We find no reason to extend the limitations rule of the criminal law to civil cases, and feel that to do so would defeat the remedial purposes of much legislation.

Thus it is unnecessary to determine whether the limitation period in fact is three years, or to consider the right of defaulting defendants to appeal on this ground.

Judgment affirmed. The ''motion to set aside findings'' is at most a motion for new trial, and the order denying it is not separately appealable. The purported appeal from that order is dismissed.

Salsman, J., and Devine, J., concurred.