Opinion
 

 ROUSE, J.
 

 Appellant was charged with and convicted of burglary (Pen. Code, § 459). No allegation was made that appellant actually committed a breaking and entering of a structure with intent to commit a felony or petit larceny. His guilt as a principal rests upon his activity as an aider and abettor (Pen. Code, § 31).
 

 At the outset, we note there is no question of the sufficiency of the evidence to support a finding of guilt as aider and abettor. Viewing the evidence in the light most favorable to respondent, as required, it is clear that appellant’s behavior comports well with the concept of an active, knowing, lookout-man and getaway driver.
 

 
 *480
 
 Parenthetically, we also note that even with the defense advanced, the evidence clearly shows appellant’s guilt as an accessory to a felony (Pen. Code, § 32). However, he was not so charged; accessory to felony is not a lesser included offense where guilt as a principal is alleged. The jury could not have made a finding of guilt as accessory. Its only alternatives were (1) a finding of guilt as a principal, or (2) finding appellant not guilty.
 
 (People
 
 v.
 
 Preston
 
 (1973) 9 Cal.3d 308, 319 [107 Cal.Rptr. 300, 508 P.2d 300];
 
 People
 
 v.
 
 Morga
 
 (1969) 273 Cal.App.2d 200, 207-208 [78 Cal.Rptr. 120];
 
 People
 
 v.
 
 Baker
 
 (1958) 164 Cal.App.2d 99, 107-108 [330 P.2d 240], cert, den., 359 U.S. 956 [3 L.Ed.2d 763, 79 S.Ct. 745].)
 

 Appellant’s theory of the case was that he had no knowledge of his companion’s true purpose until the moment when the companion reentered the automobile carrying property he had stolen from the burgled residence. This was the substance of that portion of his statement to Officer Ritter which was admitted as part of the prosecution’s case. It was also put forward in defense counsel’s opening statement. Additionally, it is possible that the jury, from the testimony of witness Korman,
 
 could
 
 have inferred lack of knowledge prior to the moment appellant’s companion reentered the automobile. Appellant thus contends that there was sufficient evidence to raise a reasonable doubt in the minds of members of the jury, had they been correctly instructed in the substantive law governing the case.
 

 The jury was given the standard CALJIC instructions defining aiding and abetting, reasonable doubt, and specific intent. Unfortunately, the jury ran aground on the question of
 
 when
 
 appellant had to acquire knowledge of his companion’s criminal purpose in order to be guilty of aiding and abetting. They specifically requested additional instruction as to whether, if appellant did not attain knowledge of what, criminally, was afoot until the moment his companion returned to the auto, he could be found guilty of aiding and abetting, i.e., as a principal rather than as an accessory. The trial judge’s answer to this question was in the affirmative. Very shortly thereafter, the jury returned a verdict finding appellant guilty as charged.
 

 Thus it appears that the jury was seriously considering the defense that appellant lacked knowledge of the crime prior to the moment of departure from the scene thereof. It further appears that the trial court’s advice as to this one point was quite decisive.
 

 
 *481
 
 The issue, therefore, is whether such a defense, if believed, would have been sufficient to preclude a finding of guilt of aiding and abetting. We believe that it would have; and the trial court committed prejudicial error when it instructed the jury to the contrary.
 

 Burglary is complete upon entry of the structure with the requisite intent to commit a felony or petit larceny, even if the intent is not subsequently fulfilled.
 
 (People
 
 v.
 
 Walters
 
 (1967) 249 Cal.App.2d 547, 550 [57 Cal.Rptr. 484];
 
 People
 
 v.
 
 Morlock
 
 (1956) 46 Cal.2d 141, 146 [292 P.2d 897].) It is the intent which exists in the mind of the perpetrator at the moment of entry which defines burglary.
 
 (People
 
 v.
 
 Hill
 
 (1967) 67 Cal.2d 105, 119 [60 Cal.Rptr. 234, 429 P.2d 586].)
 

 “To ‘aid’ means to supplement the efforts of another or to assist in his acts regardless of any knowledge that the aid is rendered in support of a criminal act. [Citations.] To ‘abet,’ on the other hand, requires knowledge of the wrongful purpose of the perpetrator and actual participation in the act constituting the offense. [Citation.] To ‘aid
 
 and
 
 abet,’ therefore, means ‘to instigate, encourage, promote or aid with guilty knowledge of the wrongful purpose of the perpetrator.’ [Citation.] The logical basis for conviction as an aider and abettor is that with knowledge of the unlawfulness of the act, one renders some independent contribution to the commission of the crime or otherwise makes it more probable that the crime will be successfully completed than would be the case absent such participation. [Citation.]”
 
 (People
 
 v.
 
 Belenger
 
 (1963) 222 Cal.App.2d 159, 163 [34 Cal.Rptr. 918]. See also
 
 People
 
 v.
 
 Butts
 
 (1965) 236 Cal.App.2d 817, 836 [46 Cal.Rptr. 362];
 
 People
 
 v.
 
 Etie
 
 (1953) 119 Cal.App.2d 23, 28 [258 P.2d 1069];
 
 People
 
 v.
 
 Terman
 
 (1935) 4 Cal.App.2d 345, 347 [40 P.2d 915].)
 

 The essential distinction between the status of principal (Pen. Code, § 31) and that of accessory (Pen. Code, § 32) is one of
 
 when
 
 the defendant forms
 
 his
 
 intent to aid the perpetrator. Culpability is not increased because, unwittingly, a person provides additional security or support to the perpetrator, or because—again unwittingly—he is physically present at the immediate scene of the offense rather than some greater distance away. (See
 
 People
 
 v.
 
 Tewksbury
 
 (1976) 15 Cal.3d 953, 960-962 [127 Cal.Rptr. 135, 544 P.2d 1335].)
 

 It is the intent at the moment of entry of the structure which appellant must have shared with his companion in order to be guilty of burglary as a principal. If appellant did not know
 
 at that moment
 
 what
 
 *482
 
 was afoot, there is no way that he could have shared the specific criminal intent required for guilt as a principal. If, as the jury may have believed, appellant did not learn that there had been a burglary until his companion entered the automobile, he could not have shared his companion’s criminal intent at the moment of entiy; he simply could not have been a principal. A contrary holding would eliminate the statutory distinction between principal and accessory. The trial court’s instruction to the contrary was mistaken.
 

 Given the very brief lapse of time between the erroneous additional instruction and the return of a guilty verdict, we cannot say that the error was harmless. Therefore a reversal is required.
 
 (People
 
 v.
 
 Watson
 
 (1956) 46 Cal.2d 818, 835-836 [299 P.2d 243].)
 

 We have reviewed appellant’s other contentions and find them without merit.
 

 The judgment is reversed.
 

 Taylor, P. J., and Kane, J., concurred.
 

 Respondent’s petition for a hearing by the Supreme Court was denied August 31, 1978.