[No. H000730. Sixth Dist. Nov 23, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
LLOYD HENRY BRICE et al., Defendants and Appellants.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Statement of Facts and Discussion, parts I, II, and IV.

**COUNSEL**

William D. Farber and Richard Such, under appointments by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Stan M. Helfman and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

AGLIANO, P. J.—

### INTRODUCTION

Defendants Harold Shamburger and Lloyd Brice were charged in connection with the murders of Jerome Nance and William Fisher. In the Nance trial, the jury found Shamburger guilty of first degree murder. (Pen. Code, § 187.)[1] In the Fisher trial, the jury found both defendants guilty of accessory to murder (§ 32) and not guilty of the remaining counts. Prior to the second trial, Brice had pled guilty to possession of material with intent to make an explosive device. (§ 12312.)

The trial court sentenced Shamburger to 25 years to life on the murder count and to the upper term of 3 years on the accessory count. The trial court sentenced Brice to the upper term of four years for possession of materials with intent to make an explosive device and to a consecutive term of eight months on the accessory count. A consecutive one-year sentence was imposed for a section 667.5, subdivision (b), enhancement.

For the reasons discussed below, the judgment of conviction of accessory to murder is reversed as to each defendant and the remaining judgments of conviction are affirmed.

### STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . .

III. *Contention of Both Defendants (Fisher Trial)*

1. *Statute of Limitations*

 Defendants Brice and Shamburger contend their convictions for violation of section 32 (accessory) should be reversed on the ground they

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

*See footnote, *ante,* page 111.

are barred by the statute of limitations. In 1981 section 800 provided in relevant part: "An indictment for any felony, . . . shall be found, an information filed, or case certified to the superior court within three years after its commission." (Stats. 1981, ch. 1017, § 2.5, p. 3927.) Accessory to murder is a felony. (§ 32.)

The murder of Fisher occurred on the night of March 10, 1981. The crime of accessory took place the following morning. An information charging Brice and Shamburger with murder and conspiracy to commit murder was filed on June 24, 1981. Trial commenced in late 1984, more than three years after the crime. Thus, at the time of trial, the prosecution could no longer amend the information to allege a violation of section 32. The court, upon defendants' request, instructed the jury on the lesser related offense of accessory. On January 3, 1985, the jury acquitted Brice and Shamburger of murder and conspiracy, but convicted them of the lesser related offense.

■ Our Supreme Court has held the statute of limitations is jurisdictional in criminal cases. (*People* v. *McGee* (1934) 1 Cal.2d 611, 613-614 [36 P.2d 378]; *People* v. *Morris* (1988) 46 Cal.3d 1, 13, fn. 4 [249 Cal.Rptr. 119, 756 P.2d 843].) The court has observed that in criminal cases the rule involves " 'the power of the courts to proceed'—i.e., their jurisdiction over the subject matter—cannot be conferred by the mere act of a litigant, whether it amount to consent, waiver, or estoppel [citations], and hence that the lack of such jurisdiction may be raised for the first time on appeal." (*People* v. *Chadd* (1981) 28 Cal.3d 739, 757 [170 Cal.Rptr. 798, 621 P.2d 837].) Where a jury returns a verdict of guilt on an offense barred by the statute of limitations, the trial court is compelled to discharge it. (See *People* v. *Stevens* (1935) 5 Cal.2d 92, 99 [53 P.2d 133].)

In *People* v. *Morgan* (1977) 75 Cal.App.3d 32 [141 Cal.Rptr. 863], the defendant was charged with murder and convicted of involuntary manslaughter, a lesser included offense. The *Morgan* court held that since the information showed the statute of limitations barred the charge of involuntary manslaughter, the conviction was jurisdictionally defective. (*Id*. at p. 37.) (Accord *People* v. *Rose* (1972) 28 Cal.App.3d 415, 417 [104 Cal.Rptr. 702].)

Defendants here expressly requested that the jury, by instruction and verdict form, be afforded the opportunity to convict them of the lesser related offense and acquit them of the greater charged offenses. In *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055], our Supreme Court held that due process requires the giving of instructions on related, though not necessarily included, offenses at the defendant's request when supported by the evidence at trial. (*Id*. at

p. 514.) ■ Defendants now argue that although they requested instruction on the lesser related offense, they did not waive the statute of limitations which bars their conviction for that offense. We must agree.

In defining the circumstances under which a defendant is entitled to a lesser related crime instruction, the Supreme Court in *Geiger* did not purport to create an exception to the statute's jurisdictional bar. The People point to the court's observation in *Geiger* that amendment of the information is unnecessary where the defendant acquiesces in conviction of the lesser related offense. (*Geiger, supra,* 35 Cal.3d at p. 528.) The court, however, was merely responding to the People's argument that allowing a defendant to be convicted of a lesser related offense would conflict with section 1009 of the Penal Code relating to amendment of the information.

The People further contend that, as stated in *Geiger,* lesser related instructions are required by due process considerations. (35 Cal.3d at p. 518.) They reason that if the statute of limitations on the lesser related offense was not deemed waived in these circumstances, the statute of limitations would override the constitutional mandate. The contention is right but it does not change the result in this case. ■ Where the limitations period has expired as to a lesser crime the trial court properly declines to instruct the jury as to such offense. In *People* v. *Diedrich* (1982) 31 Cal.3d 263, 283-284 [182 Cal.Rptr. 354, 643 P.2d 971], the court held that a trial court need not give sua sponte instructions on a lesser included offense barred by the statute of limitations. Quoting *Chaifetz* v. *United States* (D.C. Cir. 1960) 288 F.2d 133 [109 App.D.C. 349], the court observed that "the rule requiring an instruction on lesser included offenses 'is not to be read as conferring a blanket right without qualification. Quite clearly it refers to offenses for which convictions might be had upon the proof adduced.'" (31 Cal.3d at p. 284.) We see no reason for a contrary rule where the requested instruction relates to a lesser related offense within the meaning of *Geiger* rather than a necessarily included crime.

■ Next, the People argue, this court should hold that the lesser related offense is timely charged where the greater offense is charged within the statutory period for the lesser offense. As support they rely upon section 805, subdivision (b). Importantly, however, section 805, subdivision (b) applies only to necessarily *included* offenses. Section 805, subdivision (b), provides: "The limitation of time applicable to an offense that is *necessarily included* within a greater offense is the limitation of time applicable to the lesser included offense, regardless of the limitation of time applicable to the greater offense." (Italics added.) Accessory to murder is not a lesser included offense of murder or of conspiracy. (*People* v. *Preston* (1973) 9 Cal.3d

308, 319 [107 Cal.Rptr. 300, 508 P.2d 300]; *People* v. *Markus* (1978) 82 Cal.App.3d 477, 481 [147 Cal.Rptr. 151].)

The People next contend that section 802.5 is controlling.[3] This section provided as follows: "The time limitations provided in this chapter for the commencement of a criminal action shall be tolled upon the issuance of an arrest warrant or the finding of an indictment, and no time during which a criminal action is pending is part of any limitation of the time for recommencing that criminal action in the event of a prior dismissal of that action, subject to the provisions of section 1387." In *People* v. *Sample* (1984) 161 Cal.App.3d 1053 [208 Cal.Rptr. 318], the court held the tolling provisions of section 802.5 apply to certain felonies committed prior to its 1981 enactment. The *Sample* court also noted that the legislative purpose of section 802.5 was to provide a uniform tolling period before the preliminary hearing, that is, either when the charging indictment is found or the arrest warrant is issued. Section 802.5 is of no consequence in the present situation. The arrest warrants were for murder and conspiracy to commit murder and made no reference to the offense of accessory. Further, any arrest warrants here had necessarily been executed by the time the information charging defendants solely with murder and conspiracy was filed on June 24, 1981. More than three years thereafter expired before the commencement of trial or any event which could be considered as subjecting defendants to a charge of accessory to murder in violation of section 32.

**IV.** *Contentions of Defendant Brice (Fisher Trial)* *

. . . . . . . . . . . . . . . . . . . . . .

### CONCLUSION

The judgment of conviction for the crime of accessory is reversed as to each defendant. The judgment of conviction as to each defendant is otherwise affirmed. The trial court is directed to prepare and deliver to the Department of Corrections an amended abstract of judgment as to each defendant reflecting deletion of the accessory conviction and prison term imposed for such conviction.

Brauer, J., and Capaccioli, J., concurred.

**BRAUER J.,** Concurring. At trial, the defendants demanded accessory-after-the-fact instructions, as was their right under [*People* v.] *Geiger*

---

[3] Section 802.5 was repealed in 1984. Its substance is now contained in section 804, subdivision (d).

* See footnote, *ante,* page 111.

[(1984) 35 Cal.3d 510 (199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R. 4th 1055)]. When the jury convicted them of that offense, they garnered an unexpected windfall: they escaped scot-free on that charge because the statute of limitations had run.

Following *People* v. *Diedrich* (1982) 31 Cal.3d 263 [152 Cal.Rptr. 354, 643 P.2d 971], we hold that other defendants will not benefit from that windfall because a trial court need and should not instruct on a lesser included or lesser related offense which is time-barred.

While I am of course bound by *Diedrich* and therefore signed the majority opinion, I find myself in the anomalous position of disagreeing with a holding of the Bird-era Supreme Court which favored the prosecution. The fact is that *Diedrich* discriminates, and I submit invidiously, against a defendant who is in an "all or nothing" position because the lesser included or lesser related offenses, otherwise available to him, are time-barred.

Several remedies suggest themselves which would on one hand close the loophole through which these defendants traipsed and on the other avoid the discriminatory result of *Diedrich*.

The high court could reexamine the admittedly long-standing doctrine that the statute of limitations is jurisdictional and cannot be waived. An exception should at least be made for a defendant who affirmatively, intentionally and for valid strategic reasons demands that the jury be instructed on a lesser related but time-barred crime. The California doctrine is by no means universally accepted. (See *People* v. *Zamora* (1976) 18 Cal.3d 538, 546, fn. 6 [134 Cal.Rptr. 784, 557 P.2d 75].) Even jeopardy, a concept more hallowed in provenance than the statute of limitations, is waived by a defendant who requests a new trial or appellate reversal of his conviction. (*Forman* v. *United States* (1960) 361 U.S. 416, 425 [4 L.Ed.2d 412, 419, 80 S.Ct. 481]; *People* v. *Tong* (1909) 155 Cal. 579, 583-585 [102 P. 263]; *People* v. *Henderson* (1963) 60 Cal.2d 482, 495 [35 Cal.Rptr. 77, 386 P.2d 677].)

The Legislature could enact a statute that a defendant, by moving to submit a lesser related crime to a jury, adopts for that trial the limitation period applicable to the pending greater charge to which his proposal relates. Such a law would accomplish a broader waiver than that specified in Penal Code section 805, subdivision (b) for lesser included offenses. (*People* v. *Brooks* (1942) 50 Cal.App.2d 610 [123 P.2d 556].) I consider the distinction appropriate because a defendant need not move a muscle in order to secure instructions on lesser included offenses whereas a *Geiger* motion entails an affirmative step, analogous to a motion for new trial or an appeal,

which as a matter of common sense connotes a waiver of the statute of limitations.

If the Legislature does not wish to go that far, it could simply amend section 805, subdivision (b) to include lesser related offenses within its ambit.

The petitions for a rehearing were denied December 13, 1988, and appellant Shamburger's petition for review by the Supreme Court was denied March 1, 1989.