Filed 7/27/16 Unmodified opinion attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re ELIJAH C., a Person Coming Under the Juvenile Court Law.<br>_____<br><br>THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>ELIJAH C.,<br><br>      Defendant and Appellant. | B266437<br><br>(Los Angeles County<br>Super. Ct. No. VJ43366)<br><br>ORDER MODIFYING THE OPINION AND DENYING PETITION FOR REHEARING<br>(NO CHANGE IN THE JUDGMENT) |

THE COURT:

      It is ordered that the opinion filed in the above-entitled matter on June 30, 2016, be modified in the following manner:

      On page 8, line 3, the following sentence is deleted:  Although Elijah did not yet have the right to counsel under the Sixth Amendment because no petition had yet been filed, he faced what was in effect a critical stage of the prosecution.

      This modification does not constitute a change in the judgment.

      The petition for rehearing is denied.

      <u>CERTIFIED FOR PUBLICATION</u>.

_____

  ROTHSCHILD, P. J.        JOHNSON, J.        LUI, J.

Filed 6/30/16 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re ELIJAH C., a Person Coming Under the Juvenile Court Law. | B266437 <br> (Los Angeles County <br> Super. Ct. No. VJ43366) |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> ELIJAH C., <br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Fumiko Hachiya Wasserman, Judge. Reversed.

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell, and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In this case, we consider whether a minor's purported waiver of the statute of limitations for an offense is valid, when that waiver was made without consultation with counsel and before a petition against the minor was filed. We conclude that the answer is no.

Appellant Elijah C. signed a document waiving the one-year statute of limitations for petty theft as a condition of entering a diversion program for first-time offenders. More than a year later, the district attorney's office found that Elijah had not complied with all the requirements of the program, terminated his involvement in it, and filed a petition alleging he committed petty theft. The juvenile court overruled Elijah's demurrer, sustained the petition, and adjudged him a ward of the court. We reverse.

## FACTS AND PROCEEDINGS BELOW

On March 7, 2012, Elijah, who was then 14 years old, visited a friend's house. Valerie Hernandez, the friend's mother, saw Elijah playing with Hernandez's iPod Touch. After Elijah left, Hernandez noticed that the iPod was missing. When police officers confronted Elijah, he admitted that he had the iPod, and went into his house and retrieved it.

Authorities did not immediately file a petition against Elijah in the juvenile court. Instead, the district attorney's office offered him entry in its Juvenile Offender Intervention Network (JOIN) program, a diversion program for first-time, nonviolent juvenile offenders. Elijah and his parents signed a contract in which Elijah agreed to participate in individual counseling, to complete 50 hours of community service, to attend school on time, to write a letter of apology to Hernandez, and to obey all laws, and his parents agreed to complete a parent education program.

The last paragraph of the contract provided as follows: "I admit that my actions were improper and I accept responsibility. I consent to participate in the agreement above, and I understand that if I fail to maintain this agreement a petition may be filed in the Juvenile Court for . . . Penal Code section 484(a) (petty theft). I further understand that my case cannot legally be prosecuted after the passage of one year from the date of the offense. However, in order to participate in the JOIN program I agree to waive and

2

give up my right to object on this basis to any future prosecution. I further understand that my case will be monitored by the District Attorney's Office for one year from the date of this contract and that upon satisfactory completion of all terms my case will be closed."

Robert Barker, the district attorney's office hearing officer in the case, testified that before he allows a minor and his parents to enter into agreements like this one, he explains the terms of the agreement in detail and requires the minor to read the last paragraph of the contract aloud. Barker did not, however, inform Elijah or his parents that they could consult with an attorney prior to signing, and no attorney advised Elijah or his parents before or during the meeting with Barker. Elijah's mother testified that she was afraid during the meeting because Barker told her that Elijah could go to jail if he did not participate in the JOIN program. The family agreed to sign the contract and take part in the JOIN program in order to avoid that possibility.

On March 29, 2013, the district attorney's office terminated Elijah's participation in the JOIN program because he had failed to complete the program requirements. On May 7, 2013, the district attorney's office filed a petition in the juvenile court alleging that Elijah comes within the provisions of Welfare and Institutions Code section 602[1] on the ground that he committed petty theft, in violation of Penal Code section 484, subdivision (a).

Elijah demurred and moved to dismiss the charges without leave to amend on the ground that the juvenile court lacked jurisdiction because the petition had been filed outside the one-year statute of limitations for petty theft. The parties stipulated that the facts in the petition regarding petty theft were true. After a hearing, the juvenile court found that Elijah had waived the statute of limitations, and accordingly, the court overruled the demurrer and sustained the petition.

---

[1] Unless otherwise specified, subsequent statutory references are to the Welfare and Institutions Code.

## DISCUSSION

Elijah contends that his waiver of the statute of limitations was invalid because he was not represented by counsel at the time of the waiver. We agree and reverse the judgment of the juvenile court.[2]

In 1934, our Supreme Court established a rule that the statute of limitations in a criminal case is jurisdictional, and accordingly, a defendant cannot waive its operation. (*People v. McGee* (1934) 1 Cal.2d 611, 613-614.) "The rule is a reflection of the fundamental principle of our law that 'the power of the courts to proceed—i.e., their jurisdiction over the subject matter—cannot be conferred by the mere act of a litigant, whether it amount to consent, waiver, or estoppel." (*People v. Chadd* (1981) 28 Cal.3d 739, 757.) This rule stood for over 60 years, until the Supreme Court altered it in *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 372-373 (*Cowan*), holding that defendants may expressly waive the statute of limitations for their own benefit. In *Cowan*, the prosecutor filed murder charges 10 years after the defendant allegedly killed three people. (*Id.* at p. 370.) The defendant pled no contest to one count of voluntary manslaughter in exchange for a dismissal of the remaining charges. (*Ibid.*) In order for this plea agreement to take effect, the defendant needed to waive the six-year statute of limitations for voluntary manslaughter. (*Ibid.*)

The court in *Cowan* held that the defendant's waiver was valid. It adopted the rule established by the Alaska Supreme Court, which stated that " 'a statute of limitations can be waived if the trial court determines that the following prerequisites have been met: [¶] "(1) the waiver is knowing, intelligent, and voluntary; (2) it is made for the defendant's benefit and after consultation with counsel; and (3) the defendant's waiver does not handicap his defense or contravene any other public policy reasons motivating the

_____

[2] Because we agree with Elijah's argument regarding the invalidity of the waiver in the absence of counsel, we need not address his argument that the waiver was invalid because it was improperly induced by a promised benefit.

4

enactment of the statutes." ' "[3] (*Cowan*, *supra*, 14 Cal.4th at p. 372, quoting *Padie v. State* (Alaska 1979) 594 P.2d 50, 57.) In the 20 years since *Cowan*, all cases involving a defendant's waiver of the statute of limitations have had a context similar to that of *Cowan*. That is to say, the cases have held that a defendant represented by counsel may waive the statute of limitations as a tactical consideration, typically to allow a jury to consider a lesser included offense that would otherwise be time barred. (See, e.g., *People v. Stanfill* (1999) 76 Cal.App.4th 1137; *People v. Williams* (1999) 21 Cal.4th 335, 341 [reaffirming that a defendant does not forfeit the statute of limitations by failing to assert it at trial].)[4]

In arguing that Elijah's purported waiver of the statute of limitations was valid in spite of his lack of representation, the Attorney General urges us to move beyond this existing case law and allow for waiver in an entirely different context. In *Cowan*, the court stated, "We think that [the Alaska] rule is fair and a defendant should be able to waive the statute of limitations *at least* when those prerequisites have been met." (*Cowan*, *supra*, 14 Cal.4th at p. 372, italics added.) The Attorney General contends

---

[3] Although the parties do not raise this issue in their briefs, we are not convinced that Elijah's purported waiver satisfied the third *Cowan* requirement, that the waiver not contravene any public policy reason motivating the enactment of the statute of limitations. One of the policies motivating statutes of limitations is to avoid clogging dockets with stale cases, in which the parties' memories may have faded. (See *Stogner v. California* (2003) 539 U.S. 607, 615.) This policy was not implicated in *Cowan*, where the defendant could have been tried for murder. His guilty plea for the lesser included offense of voluntary manslaughter did not add any additional burden to the court beyond what would have been required for a murder trial. Here, by contrast, the only offense the People alleged in the petition was petty theft, for which the statute of limitations had expired. Elijah's purported waiver specified no duration, implying that the district attorney's office was free to file a petition against Elijah at any point in the future.

[4] The *Cowan* court allowed for the possibility that a self-represented defendant might waive the statute of limitations and "obviously need not consult counsel." (*Cowan*, *supra*, 14 Cal.4th at p. 373.) That exception does not apply to this case, where Elijah was not informed he could consult with counsel. And of course, even if Elijah had elected to represent himself, there was no opportunity for a court to determine that Elijah had the requisite mental and emotional maturity. (See *In re Shawnn F.* (1995) 34 Cal.App.4th 184, 195-196.)

5

that the court's use of the phrase "at least" leaves open the possibility that waivers are valid in some situations even when not all of the criteria are met. According to the Attorney General, the waiver is valid in Elijah's case because he made it knowingly, intelligently, and voluntarily. The lack of counsel should be excused because no petition had yet been filed at the time of the waiver, and so Elijah did not have the right to counsel under the Sixth Amendment. (See *People v. Cunningham* (2015) 61 Cal.4th 609, 648 [" '[a] criminal defendant's right to the assistance of counsel under the Sixth Amendment does not exist until the state initiates adversary judicial criminal proceedings, such as by formal charge or indictment' "].)

We are not persuaded. Even if *Cowan* leaves open the possibility of broader applicability of waivers of the statute of limitations, the facts of this case suggest that we should be skeptical about accepting Elijah's waiver. First, whereas the defendant in *Cowan* was an adult, Elijah was 14 years old at the time of his meeting with Barker. Because children are more vulnerable than adults, the law is less willing to allow them to take actions affecting their legal rights without the presence and approval of their attorneys. For example, before a juvenile may admit the allegations in a petition under section 602, he must obtain the consent of counsel. (§ 657, subd. (b); Rules of Court, rule 5.778(d).) No equivalent rule exists for guilty pleas by adult defendants except in cases of crimes punishable by death or life imprisonment without the possibility of parole. (See Pen. Code, § 1018.)

Furthermore, the waiver of the statute of limitations in *Cowan* took place in court, in the presence of a judge. In this case, no one was present for Elijah's waiver apart from Elijah himself, his parents, and Barker, the hearing officer. Barker was not a neutral arbiter. He was an employee of the district attorney's office and served a function closer to that of a prosecutor than that of a judge. Elijah's mother testified, "I just remember [Barker] saying if you didn't [agree to the contract], you could see the judge and you can get the maximum this much and we didn't want to take that route. We were scared because [this was] his first offense and this is, like, not a normal thing for us." The *Cowan* court described a valid waiver of a statute of limitations as one that is

6

" ' "*knowing, intelligent, and voluntary*," ' " and is " ' "made *for the defendant's benefit and after consultation with counsel.*" ' " (*Cowan*, *supra*, 14 Cal.4th at p. 372, italics added.)  With no experienced party on Elijah's side, Elijah and his family had no trusted source to explain to them the likely consequences of juvenile court, and to help them evaluate whether taking part in the JOIN program was in Elijah's best interest.  We cannot be confident that the agreement to take part in the JOIN program and waive the statute of limitations was free from coercion and for Elijah's benefit.

Nor are we persuaded by the Attorney General's argument that the waiver of the statute of limitations was valid because the right to counsel had not attached at the time of the meeting with Barker.  The Attorney General correctly points out that a criminal defendant is not entitled to representation under the Sixth Amendment prior to the filing of formal charges against him.  (*People v. Cunningham*, *supra*, 61 Cal.4th at p. 648.)[5]  As the U.S. Supreme Court explained in *Kirby v. Illinois* (1972) 406 U.S. 682, 689-690, a defendant is entitled to counsel when charges are filed because "[i]t is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law."

After charges are filed, a defendant is entitled to representation at " ' "critical stage[s] of the prosecution" ' " (*Kirby v. Illinois*, *supra*, 406 U.S. at p. 690), those holding "significant consequences for the accused"  (*Bell v. Cone* (2002) 535 U.S. 685, 696), where "[a]vailable defenses may be as irretrievably lost, if not then and there asserted."  (*Hamilton v. Alabama* (1961) 368 U.S. 52, 54.)  If the district attorney had already filed a section 602 petition, the meeting between Elijah and Barker would unquestionably qualify as a critical stage:  In exchange for agreeing to take part in the JOIN program, Elijah surrendered his right to assert the statute of limitations as a defense.

It appears that the district attorney's office had a laudable intent in establishing the JOIN program—namely, to allow for the rehabilitation of nonviolent first-time juvenile

---

[5]  The right to counsel applies to minors in delinquency proceedings in the same manner as to adult defendants in criminal cases.  (*In re Gault* (1967) 387 U.S. 1, 36.)

offenders without requiring the minors to appear in court.[6]  The effect of that program in this case, however, was to short-circuit the constitutional protections to which Elijah was entitled.  Although Elijah did not yet have the right to counsel under the Sixth Amendment because no petition had yet been filed, he faced what was in effect a critical stage of the prosecution.  We will not broaden the relatively narrow rule in *Cowan* allowing for waivers of the statute of limitations in order to encompass Elijah's situation.

Accordingly, we reverse the trial court's order overruling the demurrer.

## DISPOSITION

The order of the juvenile court is reversed.  The trial court is ordered to sustain the demurrer to the petition without leave to amend and dismiss the petition with prejudice.

CERTIFIED FOR PUBLICATION.

ROTHSCHILD, P.J.

We concur:

JOHNSON, J.

LUI, J.

---

[6] Nothing in this opinion prevents the district attorney's office from meeting with minors and encouraging them to take part in the JOIN program, so long as participation in the program is not conditioned on a juvenile's waiver of the statute of limitations without consultation with counsel.